


**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Judson T. Mihok*
*Assistant United States Attorney*
*Judson.Mihok@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

July 30, 2014



Joseph A. Balter
Assistant Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201

Re:   <u>United States v. Donald P. Blair</u> Criminal No. WDQ 14-0360

Dear Mr. Balter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by August 19, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1.      The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the Information now pending against him which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court. The Defendant will also agree to sign a consent admitting the Forfeiture Allegation.

## Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

a.      That on or about July 8, 2013, in Maryland, the defendant knowingly possessed a computer hard drive that contained at least one image of child pornography; and

b.      That such image or images contained on the hard drive had been transported in interstate or foreign commerce, including by computer, or that such image or images had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

c.      That at the time of such possession the defendant knew that such image or images contained on the hard drive constituted child pornography.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty (with a qualifying prior conviction for an offense outlined in 18 U.S.C. § 2252(b)(2)) is as follows: imprisonment for not less than ten (10) years and not more than 20 years, followed by a term of supervised release of not more than life and a fine of $250,000.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

a.      The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

i.     The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him.  By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

**Advisory Sentencing Guidelines Apply**

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing

Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts as set forth in Attachment A hereto which would be proved beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

      a.      The base offense level is eighteen (18) pursuant to USSG §2G2.2(a)(1).

      b.      Pursuant to USSG §2G2.2(b)(2), there is a two (2) level increase because the offense involved a prepubescent minor.

      c.      Pursuant to USSG §2G2.2(b)(2), there is a two (2) level increase because the offense involved the use of a computer.

      d.      Pursuant to USSG §2G2.2(b)(3)(B), there is a five (5) level increase because the offense involved distribution for the receipt or expectation of receipt of a thing of value.

      e.      Pursuant to USSG §2G2.2(b)(7)(B), there is a three (3) level increase because the offense involved at least 150 but less than 300 images of child pornography.

      f.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to USSG Pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

      g.      Thus the adjusted offense level is 27.

      h.      The parties further stipulate and agree that the Defendant has a qualifying prior conviction for an offense outlined in 18 U.S.C. § 2252(b)(2), resulting in a statutory mandatory minimum of 10 years imprisonment.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a

career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

9.      The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of ten years (120 months) imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). Should the Government so elect, it will be afforded the opportunity to proceed on all counts of the Indictment.

10.     As stated above, at the time of sentencing, the United States Attorney's Office will recommend a sentence of 10 years (120 months) imprisonment and a period of at least 5 years and up to a lifetime period of supervised release.

11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

12.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 10 years (120 months); (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 10 years (120 months).

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

13    The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). If the Court rejects this plea agreement pursuant to Rule 11(c)(5), then the Court will give the Defendant an opportunity to withdraw his plea. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to whether the Court will accept the plea agreement, and that the Court will only make the final determination on whether to accept or reject the plea agreement at the sentencing hearing. The Defendant agrees that no one has made a binding prediction or promise that the Court will accept the plea agreement.

### Forfeiture

14.    The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement from his residence on July 8, 2013, including, but not limited to: one Hitachi hard disk drive (s/n GEK333RC3LG1ZE); one Hitachi hard disk drive (s/n X6GAAW8F); one Western Digital hard disk drive (s/n WD-WMAD1H267226); one Ativa USB flash drive (blue in color); one Sandisk USB flash drive; one PNY Attache USB flash drive. The defendant agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

### Obstruction or Other Violations of Law

15.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG '3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The

Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Restitution

16.    For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

17.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: 
Judson T. Mihok
Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

_8-27-14_
Date

_Donald P. Blair_
Donald P. Blair

I am Donald P. Blair's attorney.  I have carefully reviewed every part of this agreement with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_8-27-2014_
Date

_____
Joseph A. Balter

8

## ATTACHMENT A

**The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.**

On or about June 15, 2006, Donald P. Blair (BLAIR), born in 1958, was convicted upon his plea of guilty to Possession of Child Pornography and sentenced to one year of incarceration (suspended), to be followed by three years of supervised probation in the Circuit Court for Anne Arundel County.   See Case No. K-06-452 IF.   As a result of the conviction, the defendant was required to register as a sex offender.

In 2013, HSI New Orleans commenced an investigation into an email account that was sending and receiving child pornography.   A search warrant served on that account in 2013 showed stored messages, in particular, emails on December 5, 2012 to an individual utilizing the email account kgadm@yahoo.com with the screen name/moniker "donald blair."   Records showed that on December 5, 2012 at 11:04:54 PST (14:04 EST), the individual utilizing the email account kgadm@yahoo.com with the moniker "donald blair," and the IP address 96.244.135.92, sent sgsg569@gmail.com an email which contained approximately 20 images, which included images of children engaged in sexually explicit conduct.   By way of example, four of these images are described as follows:

Tar&Long092.jpg – This image depicts two minor males with their genitals exposed. One minor male with his right hand on his erect penis and his left hand on the buttocks of the second minor male is kneeling between the legs of the second minor male and appears to be preparing to anally penetrate the second minor male.

1

rp(209).jpg – This image depicts a prepubescent male wearing only a blue and white shirt and is lying on a mattress with no sheets.    The minor male's right hand is holding his erect penis that is exposed to the camera.

1282032949995.jpg – This image depicts a nude pre-pubescent male lying on his back with his hands above his head.    The prepubescent male's penis is erect and exposed.

rp(211).jpg – This image depicts four minor males.    Three males are standing and their penises are exposed.    One minor male is kneeling in front of a minor male that is standing. The minor male that is kneeling has his right hand on the penis of one of the minor male's that is standing and his mouth on the erect penis of the minor male that is standing in front of him.

Additionally, the individual using the email address kgadm@yahoo.com wrote the following in the body of the email to sgsg569@gmail.com along with the above referenced images: "Sorry so long reply.    Went in hospital last week just got out 2pm yesterday.    Hope you enjoy these…all got from niceviewclub!    They also have video clips!    Can send you link next time if can find."

The individual utilizing email address sgsg569@gmail.com sent a reply email to kgadm@yahoo.com which read, "Thanks donald . Pictures were great . Hope hospital wasn't too serious.    Can you send link please?    I'd love some vids or clips or something.    I do have more to send as well.    Thanks"    In other email exchanges between these two email accounts the individual utilizing the email sgsg569@gmail.com sent child pornography to BLAIR at his email address kgadm@yahoo.com.

The IPA responsible for sending the images utilizing the email account kgadm@yahoo.com with the moniker "donald blair" resolved to a Verizon Internet Solutions customer and the name on the account was Donald P BLAIR, 231 Patapsco Av., Dundalk, MD

2

21222.   After further investigation, a search warrant was served on that residence on July 8, 2013.   Pursuant to that search warrant, agents seized one Hitachi hard disk drive (s/n GEK333RC3LG1ZE); one Hitachi hard disk drive (s/n X6GAAW8F); one Western Digital hard disk drive (s/n WD-WMAD1H267226); one Ativa USB flash drive (blue in color); one Sandisk USB flash drive; and one PNY Attache USB flash drive.   These items depicted images of minors engaged in sexually explicit conduct.   While some of the computer equipment that contained child pornography was Richard LOFTICE's, who was BLAIR's half-brother and roommate, BLAIR did knowingly possess 288 images of children engaged in sexually explicit conduct on an HP Pavilion Slimline desktop computer (s/n MXV91406G5), with Hitachi hard drive (s/n GEK333RC3LG1ZE), including, but not limited to, files with the following titles: "Pedo little boy(1).jpg", an image file that depicts a prepubescent male with no pants on, wearing a red shirt and sitting in the back seat of a vehicle with his penis exposed and erect; "Pi05.jpg", an image file that depicts a naked prepubescent male lying on his side with his legs spread and a naked adult male lying behind the prepubescent male with the adult male's erect penis penetrating the prepubescent male's anus; "Pedo Gay-7yo – 5yo Boys.jpg", an image file that depicts two naked prepubescent males with one prepubescent male is performing oral sex on the other prepubescent male; and "zadoom_pedo_rizmastar_kdv_rbv_preteen_boys_7yo_6yo(02.2005new).jpg", an image that depicts to naked prepubescent boys standing next to each other and each of the boys has their hand on the other boy's penis.

The depictions included images of prepubescent children (under the age of 12) engaged in sexually explicit conduct.   These images had been downloaded from the internet, so they traveled in and affected interstate and foreign commerce.

3

I have read this statement of facts, and carefully reviewed it with my attorney.   I acknowledge that it is true and correct.

7-27-14

_____
Date

_Donald P. Blair_
_____
DONALD P. BLAIR

I have reviewed this statement of facts with my client, Donald P. BLAIR.   He confirms that this is a true and accurate statement of the facts that the Government would be able to prove in the case had the matter proceeded to trial.   He voluntarily and knowingly agrees with this recitation of facts.

8-27-2014
_____
Date

_____
Joseph A. Balter, Esq.

4